**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 26-479-JFW(MBKx)**                              Date:  March 25, 2026

Title:         Michael D. Terani -v- General Motors LLC, et al.

**PRESENT:**
         **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

  **Shannon Reilly**                                 **None Present**
  **Courtroom Deputy**                               **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                              None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER DENYING PLAINTIFF'S MOTION TO REMAND**
                                       **[filed 2/17/26; Docket No. 17]**

On February 17, 2026, Plaintiff Michael D. Terani ("Plaintiff") filed a Motion to Remand
("Motion").  On March 10, 2026, Defendant General Motors, LLC ("Defendant") filed its Opposition.
On March 16, 2026, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil
Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without
oral argument.  The hearing calendared for March 30, 2026, is hereby vacated and the matter
taken off calendar. After considering the moving, opposing, and reply papers, and the arguments
therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On September 17, 2025, Plaintiff filed a Complaint against Defendant in Los Angeles
County Superior Court ("LASC"), alleging causes of action for: (1) violation of Subdivision (d) of
California Civil Code Section 1793.2; (2) violation of Subdivision (d) of California Civil Code Section
1793.2; (3) violation of Subdivision (a)(3) of California Civil Code Section 1793.2; and (4) breach of
the implied warranty of merchantability, California Civil Code §§ 1791.1 and 1794.  In the
Complaint, Plaintiff alleges that on October 24, 2023, he leased a 2023 Cadillac Escalade (the
"Subject Vehicle"), which was manufactured and/or distributed by Defendant.  After buying the
Subject Vehicle, Plaintiff alleges that it manifested defects covered by express written warranties
provided by Defendant, including (but not limited to) engine and electrical system defects.
According to Plaintiff, these defects substantially impaired the use, value, and/or safety of the
Subject Vehicle.  Plaintiff also alleges that he delivered the Subject Vehicle to Defendant and/or
Defendant's authorized service and repair facilities, but Defendant has failed to repair or replace
the Subject Vehicle or provide Plaintiff with restitution.

Initials of Deputy Clerk __sr_

On September 19, 2025, Plaintiff personally served a copy of the Summons and Complaint on Defendant.  On October 20, 2025, Defendant filed its Answer.  On January 16, 2026, Defendant removed this action, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity.

## II.      Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  A defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  Generally, removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

However, to remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal.  28 U.S.C. § 1446(a)–( c).  The notice of removal must be filed either: (1) within thirty days of receipt of the complaint, 28 U.S.C. § 1446(b)(1); or (2) "if the case stated by the initial pleading is not removable," within thirty days of the defendant's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) ; *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93, 695 (9th Cir. 2005).

The latter thirty-day period for removal begins when an amended pleading, motion, order, or other paper makes a ground for removal "unequivocally clear and certain."  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).  Although "other paper" is not defined by the statute, the Ninth Circuit has interpreted this term broadly.  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (holding that the plaintiffs "need only provide to the defendant a document from which removability may be ascertained . . . [to] trigger the thirty-day removal period").  "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in § 1332(a)," an "other paper" under subsection (b)(3) may derive from "information relating to the amount in controversy in the record of the State proceedings or in responses to discovery."  28 U.S.C. § 1446(c)(3)(A).

A notice of removal is "defect[ive]" under § 1447(c) if a party "fail[s] to comply with the time

Initials of Deputy Clerk __sr__

limit provided in § 1446(b) for filing a petition for removal in state court." *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009).  Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (*quoting Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper").

## III.     Discussion

In his Motion, Plaintiff argues that Defendant waived its right to remove by failing to file a notice of removal within thirty days of being served with the Complaint.  Specifically, Plaintiff argues that Defendant could have easily ascertained that the amount in controversy exceeded $75,000 from the face of Plaintiff's Complaint.  In the alternative, Plaintiff argues that Defendant has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000.  In its Opposition, Defendant argues that it is not clear on the face of the Complaint that diversity jurisdiction existed and, as a result, Defendant's deadline to remove was not triggered by Defendant's receipt of the Complaint.  Defendant also argues that it has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### A.     Defendant's Notice of Removal Was Not Untimely

Despite Plaintiff's argument to the contrary, the Court concludes that it is not clear from the face of the Complaint that this action was removable based on diversity question jurisdiction.  In its Notice of Removal, Defendant alleges that it removed this action on the basis of diversity jurisdiction once its independent investigation revealed that Plaintiff was a citizen of California and the amount in controversy was in excess of $75,000.[1]  Plaintiff argues that given Defendant's sophistication and knowledge of the motor vehicle industry, Defendant could have estimated the amount in controversy by estimating the value of the Subject Vehicle based on the make, model, year, and VIN alleged in the Complaint.  However, the Ninth Circuit has held that the first thirty-day removal period is triggered only where the initial pleading contains the facts giving rise to removability, without reference to any information or knowledge in the possession of the defendant. *See, e.g., Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005).  In *Harris*, the Ninth Circuit held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further

---

[1]  In his Complaint, Plaintiff alleges only that he is a resident of Beverly Hills, California, and does not allege his citizenship.  With respect to a natural person, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* However, in his Opposition, Plaintiff admits that he is a citizen of California.  *See* Opposition, 11-18.

Initials of Deputy Clerk __sr__

inquiry." *Harris,* 425 F.3d at 694. The Ninth Circuit explained that this rule avoids "the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Harris,* 425 F.3d at 697. In *Kuxhausen,* the Ninth Circuit reiterated that "defendants need not make extrapolations or engage in guesswork" to determine whether the amount in controversy requirement is satisfied. *Kuxhausen,* 707 F.3d at 1140. In addition, district courts in this circuit have applied *Kuxhausen* and *Harris* to deny motions to remand that are substantially similar to the one brought by Plaintiff in this action. *See, e.g., Cesena v. General Motors LLC,* 2025 WL 3002616 (C.D. Cal. Oct. 24, 2025) (denying motion to remand where the four corners of the complaint did not make it apparent that the case was removable because GM is "not obligated to supply information which [the plaintiff] had omitted"); *Alvarez-Munguia v. Ford Motor Company,* 2024 WL 69076 (N.D. Cal. Jan. 5, 2024) ("The Court finds that service of the summons and complaint did not trigger the first thirty-day removal period, because the complaint does not allege facts showing that the amount in controversy exceeds $75,000"); *Agasang v. Jaguar Land Rover N. Am., LLC,* 2023 WL 8234641, at *2 (C.D. Cal. Nov. 27, 2023) ("Defendant's subjective knowledge about the value of the Vehicle is irrelevant, nor was it required to investigate whether the damages sought exceeded the amount-in-controversy requirement under § 1332"); *Alcazar v. Nissan N. Am., Inc.,* 2023 WL 4706167, at *2 (N.D. Cal. July 24, 2023) ("Alcazar argues that Nissan's 'sophistication and knowledge of the motor vehicle industry' should have put it on notice that the amount-in-controversy requirement was met, . . . but removability is determined from the pleadings and not the defendant's subjective knowledge, see Harris, 425 F.3d at 694"); *Moran v. Ford Motor Co.,* 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023) (concluding that "while Defendant could have made a plausible guess that the amount in controversy in this case exceeded $75,000, Defendant was under no obligation to do so" and "[t]he fact that Defendant could have made a further inquiry to estimate the subject vehicle's purchase price is insufficient to trigger the thirty-day clock") (internal quotation marks and citation omitted).

Similarly, the Court finds unpersuasive Plaintiff's argument that to the extent removability was not clear from the face of the Complaint, it would have been clear once Defendant received Plaintiff's initial disclosures on December 5, 2025, which included Plaintiff's Lease Agreement and repair history. According to Plaintiff, the information used by Defendant to calculate the amount in controversy in its Notice of Removal was included Plaintiff's Lease Agreement and repair history and, as a result, Defendant should have filed its Notice of Removal within thirty days of December 5, 2025, under 28 U.S.C. § 1446(b)(3), but failed to do so. However, even assuming that the initial disclosures Defendant received on December 5, 2025, included sufficient information for Defendant to calculate the amount in controversy, Plaintiff has failed to demonstrate that the initial disclosures established Plaintiff's domicile or citizenship for purposes of making removability "unequivocally clear and certain" under Section 1446(b)(3). *See Blumberger v. Tilley,* 115 F.4th 1113, 1122 (9th Cir. 2024) (emphasizing that the "unequivocally clear and certain" standard under Section 1446(b)(3) is a "high bar").

Accordingly, the Court concludes that Defendant's Notice of Removal was not untimely.


**B.     Defendant Has Adequately Demonstrated That the Amount in Controversy Exceeds $75,000**

Initials of Deputy Clerk __sr__

Plaintiff also argues that Defendant has failed to meet its burden of demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[2]  The Court disagrees, and concludes that Defendant has adequately demonstrated that the amount in controversy exceeds $75,000.  In his Complaint, Plaintiff alleges three categories of remedies for her state law Song-Beverly Act claims: (1) actual damages; (2) civil penalties; and (3) attorneys' fees.  In the Notice of Removal, Defendant estimated actual damages of $95,8805, based on an estimate of the value of the Subject Vehicle and an estimate of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebates, and negative equity.  In its Opposition, Defendant revised its estimated actual damages to $48,818.31, by relying on Plaintiff's Lease Agreement, the Subject Vehicle's repair history, and documents produced by Plaintiff demonstrating her payment history to calculate the cash value of the Subject Vehicle ($106,240), an estimated mileage offset ($10,360.17), and the total lease payments made by Plaintiff ($55,178.48).  Based on the evidence provided with Defendant's Opposition, the Court concludes that Defendant reasonably calculated actual damages of $48,818.31.

With respect to civil penalties, "[t]he Ninth Circuit routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases."  *Wang v. FCA US LLC*, 2025 WL 1218745, at *2 (C.D. Cal. Apr. 28, 2025) (*citing Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007)).  In this case, Plaintiff clearly alleges that Defendant's conduct was willful and seeks civil penalties of up to two times the amount of actual damages.  As a result, the Court concludes that Defendant reasonably calculated civil penalties of $44,079.54 ($22,039.77 x 2).  *See Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) (declining to require the defendant to "prove a case against itself" with respect to liability for civil penalties in the calculation of the amount in controversy).  As a result, the amount in controversy, exclusive of attorneys' fees, based on actual damages and civil penalties is $146,454.93.[3]

Accordingly, the Court concludes that Defendant has adequately demonstrated that the amount in controversy exceeds $75,000.

---

[2]  It is undisputed that the parties are diverse because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Michigan.

[3]  Prospective attorneys' fees are also properly included in the Court's assessment of the amount in controversy and would only add to this amount.  *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy"); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (noting that the amount in controversy includes "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes"); *see also Carrington Stonemasones, Inc. v. Ford Motor Company*, 2024 WL 1745038 (N.D. Cal. Apr. 22, 2024) (noting that attorneys' fees in Song-Beverly Act actions "usually total at least $35,000 and commonly exceed $100,000"); *Salvestrini v. General Motors, LLC*, 2023 WL 8255125 (S.D. Cal. Nov. 29, 2023) (concluding that courts may rely on their "own knowledge of customary rates and [their] experience concerning reasonable and proper fees" and finding that $50,000 was a reasonable estimate of attorneys' fees in a Song-Beverly Act case) (*citing Frisch v. Swift Transporation Company of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018)).

Initials of Deputy Clerk __sr__

**C.** **Plaintiff's Motion is Also Denied for Failure to Lodge a Proposed Statement of Decision**

The Standing Order, filed on January 29, 2026 (Docket No. 12), provides in relevant part: "Not more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record." Standing Order, § 5(f). Plaintiff and Defendant failed to file the required Proposed Statement of Decision. Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion." Standing Order, § 5(f). Accordingly, Plaintiff's Motion is also denied for Plaintiff's failure to lodge the Proposed Statements of Decision in violation of the Court's Standing Order.

**IV.** **Conclusion**

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_